# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

CHARLES CHRISTIAN,                    )
                                      )
              Petitioner,             )
                                      )     Case No. 3:13-CV-1227-JVB
v.                                    )
                                      )
SUPERINTENDENT,                       )
                                      )
              Respondent.             )

## OPINION AND ORDER

Charles Christian, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 12-10-125) where the Indiana State Prison Disciplinary Hearing Body (DHB) found him guilty of possessing a deadly weapon in violation of A-106 on October 19, 2012, and deprived him of 90 days earned credit time. The Respondent has filed a response (DE 9) and Christian filed a reply (DE 10). This case is now fully briefed.

Christian presents four grounds for relief. The Respondent argues that all of these claims were procedurally defaulted because they were not presented to the Final Reviewing Authority. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) ("[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . ..."). Though the court agrees that Grounds One, Three, and Four are procedurally defaulted,[1] "[a]n application for a writ of habeas corpus may be denied on the

---

[1] Christian appealed to the superintendent on October 10, 2012. DE 9-9. The superintendent denied that appeal on November 13, 2012. *Id.* Christian argues that he then appealed to the Final Reviewing Authority, but that the appeal was lost. He argues that he submitted a belated appeal on February 1, 2013. DE 5-1 at 18. The Final Reviewing Authority responded on May 16, 2013. DE 9-10.

> Your appeal of the disciplinary action taken against you in [ISP 12-10-0125] has been received. Your appeal appears to be untimely. However, I will address the appeal.

> There is no evidence of procedural or due process error. The charge is clear. The sanctions are within the guidelines of the Disciplinary Code for Adult Offenders, and you present no evidence indicating the action of the [disciplinary hearing officer] should be modified.

*Id.* Though the State "need not fear reaching the merits of a federal claim in an alternative holding" *Harris v. Reed* , 489

merits, notwithstanding the failure of the applicant to exhaust the remedies available . . ..” 28

U.S.C. § 2254(a)(2). Therefore the court will address the merits of all four of Christian's claims.

First he argues that he was denied a witness statement from Case Manager Brenda

Jackson-Nalls. An inmate has a right to present relevant, exculpatory evidence. *Wolff v.

McDonnell*, 418 U.S. 539, 566 (1974). Here, Christian requested a statement from Case Manager

Brenda Jackson-Nalls (DE 9-3) and she submitted a statement on October 16, 2012 (DE 9-6).

The disciplinary hearing was held on October 19, 2012, and the DHB noted having received and

considered that statement (DE 9-8). Though Christian now argues that he wanted her to provide

additional testimony, an inmate in a prison disciplinary hearing has no right to confront or cross-

examine witnesses. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see also Wolff v.

McDonnell*, 418 U.S. 539, 556 (1974) (“Prison disciplinary proceedings are not part of a

criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not

apply”). That is to say, the statement she submitted was her testimony and Christian had no due

process right to question her to obtain additional information. Moreover, at the time she testified,

she had not yet seen the video about which Christian argues she should have testified. Because

Case Manager Brenda Jackson-Nalls submitted a witness statement that was considered at his

hearing, Christian was not denied due process. Therefore Ground One is not a basis for habeas

corpus relief.

---

U.S. 255, 264 n.10 (1989), because the Final Reviewing Authority did not definitively find that the appeal was late, that is not a basis for finding that Christian procedurally defaulted his claims. Rather, three of the four grounds are procedurally defaulted because they were not included in the belated appeal that was considered by the Final Reviewing Authority. DE 5-1 at 18. In the belated appeal, Christian argued “that camera footage was not available at the time of my disciplinary hearing . . ..” *Id.* This is the same claim he now presents as Ground Two in the Habeas Petition. However, he made no mention of being denied a witness statement from Case Manager Brenda Jackson-Nalls (Ground One in the Habeas Petition), having an inadequate explanation of the reasons for being found guilty (Ground Three in the Habeas Petition), or having a biased hearing officer (Ground Four in the Habeas Petition). *Id.* Therefore Grounds One, Three, and Four are procedurally defaulted.

Second, Christian argues that he was denied video evidence. Again, an inmate has a right to present relevant, exculpatory evidence. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Here, Christian requested video evidence (DE 9-3) and the DHB reviewed the video (DE 9-7). Clearly Christian was not denied the opportunity to present and have considered the video evidence he requested. However, Christian is not satisfied with the DHB's conclusion that, "Due to the distance of the camera I am unable to see any details in this incident." *Id.* Christian argues that other prison staff watched the same video after the hearing and were able to see and identify another inmate bending over his bed. "That camera footage has been viewed by Disciplinary Hearing Officer Nolan,[2] Sergeant Boone (Internal Affairs Camera Room), and Case Manager III Jackson-Nalls." *See* DE 5-1 at 18. He argues that the other inmate could have placed the weapon on his bed. Though not impossible, no staff have indicated that they saw this happen. Prior to the hearing, Christian requested that the video be presented to the DHB and considered by it. He had a right to do so and that is what happened. He did not request that anyone else review the video before the hearing and he had no due process right to make such a request. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) ("*Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the court of appeals not to add to the procedures required by *Wolf*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners."). Because the DHB reviewed and considered the video as requested by Christian, he was not denied due process. Therefore Ground Two is not a basis for habeas corpus relief.

Third, Christian argues that the DHB inadequately explained the basis for its decision. The decision to punish an inmate with the loss of earned credit time must include a written

---

[2] Officer Nolan was the hearing officer in this case and viewed the video prior to the hearing.

statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, the written statement requirement is "not onerous" and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Here, the DHB indicated that it considered Staff Reports, Statement of Offender, Video Review, Ms. Nalls, Letter to Ms. Nalls, Offender Kingery, Photo, Evidence Card, and Offender Sexton. The DHB explained that "The photo and evid. card support the conduct report. I believe the conduct report to be true and accurate and therefore find him guilty" (DE 9-8). While this statement was not lengthy, it adequately illuminated the reason for the decision: A weapon was found attached to his bed and the DHB believed that it belonged to him. Though Christian argued and presented evidence that the weapon had been put there by another inmate, the DHB considered and rejected his assertion that the weapon was not possessed by him. Though he argues the DHB did not specifically address Delmas Sexton's statement[3] (DE 9-5) that he saw another inmate put the weapon on Christian's bed, there is no constitutional requirement that prison disciplinary boards specifically explain why some testimony is credible and why other testimony is not.[4] "As there is no mystery about [DHB's] reasoning process," the DHB's explanation was constitutionally adequate. *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). *See also Pardo v. Hosier*, 946 F.2d 1278, 1284 (7th Cir. 1991) (where resolution of charge essentially required determination

---

[3] Though perhaps not considered by the DHB when it evaluated the statement of Delmas Sexton, II, IDOC # 111153, the court notes that on June 27, 2011, Sexton was restricted from filing in this court because he had submitted three fraudulent, forged affidavits in *Sexton v. Taylor*, 2:11-cv-026 (N.D. Ind. filed January 20, 2011).

[4] Moreover, it was not necessary for the DHB to have discredited Sexton's statement in order to have found Christian guilty. Even if another inmate had recently put the weapon on Christian's bed, he might have been returning it to him, loaning it to him, or selling it to him. It is also possible that Christian and the other inmate shared joint ownership of the weapon. Thus, Sexton's statement was not unequivocally exculpatory even if believed.

of whether inmate's or guard's account was more credible, the following summary was constitutionally adequate: "[B]ased on resident's statements and officer's report the committee is convinced resident violated AR 804 by cursing, making improper and disrespectful remarks to an employee and thereby causing a general disturbance."); *Culbert v. Young*, 834 F.2d 624, 626-27 (7th Cir. 1987) (summary that "on statements in C.R. by Staff in guilt finding that inmate was disrespectful [and] caused a disruption by his actions," was adequate despite existence of other evidence negating guilt). Therefore Ground Three is not a basis for habeas corpus relief.

      Fourth, Christian argues that the hearing officer was not impartial.

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident, *Gaither*, 236 F.3d at 820, and we have assumed that a decisionmaker might likewise be impermissibly biased if his spouse is a crucial witness in the proceeding, *see Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *See Piggie*, 342 F.3d at 666-67; *Pannell*, 306 F.3d at 502.

*Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Here, Christian has not alleged that the hearing officer was involved in the discovery of the weapon on his bed. Rather, he argues that reviewing the video was an investigatory function that destroyed the hearing officer's impartiality. This is incorrect. Receiving and reviewing evidence (whether by video, written statements, live testimony, or otherwise) is not an investigatory act. Hearing officers review the evidence submitted. That is what the hearing officer did in this case. Christian asked to submit the video into evidence. The hearing officer accepted the evidence and reviewed it. Doing so was

not an indication that the hearing officer was biased. Therefore Ground Four is not a basis for habeas corpus relief.

Finally, Christian argues that the destruction of the video after his hearing denied him due process during his appeal. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). *Wolff* identified rights related to the disciplinary hearing itself, but it did not provide for any procedural rights on appeal, nor even for a right to appeal at all. The Seventh Circuit has explained that *Wolff* set the limits of due process in prison disciplinary cases and they should not be expanded. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Though it would certainly be a better practice to preserve any evidence considered during a prison disciplinary hearing until after the appeal was finished,[5] destruction of the video after the hearing was concluded is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED** and this case is **DISMISSED**.

**SO ORDERED** on July 22, 2015.

  S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE

---

[5] It must be noted that though it is unclear when the video was destroyed, it is clear that the appeal time for this proceeding had expired and Christian filed a belated appeal which was subsequently considered. Accordingly, the custodians of the video should not be faulted for believing that the appeal process had concluded.